UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

STEVEN A. THORESON,

    Petitioner,

vs.

RANDY GROUNDS Warden,

    Respondent.

No. C 12-4782 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also applied for leave to proceed in forma pauperis.

Petitioner was convicted in Sonoma County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner was found guilty at trial of continuous sexual abuse of a child and was sentenced to twelve years in prison. He says he has exhausted the claims he raises in this petition.

## DISCUSSION

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that he has been denied pre-sentence credits pursuant to California Penal Code § 4019. Petitioner was sentenced on April 24, 2006. Petitioner states that a new pre-sentence credit law was enacted in 2010 and he wants it to be applied retroactively to him.

Generally, a claim of state sentencing error does not raise a federal constitutional question cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 783 (1990). If, however, the state arbitrarily deprives the petitioner of a state law entitlement in sentencing him, such as denying him credits, he may be able to state a claim under the due process clause. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). Thus, if California law mandated that a prisoner be given certain credits in a given situation, the arbitrary denial of those credits may constitute a due process violation. *Haygood v. Younger*, 769 F.2d 1350, 1355-58 (9th Cir. 1985).

California Penal Code § 4019 offers prisoners in local custody the opportunity to earn "conduct credit" against their sentences for good behavior. *People v. Brown*, 54 Cal. 4th 314, 317 (2012). For eight months during 2010, a now-superseded version of § 4019 that was enacted during a state fiscal emergency temporarily increased the rate at which local prisoners could earn conduct credits. *Id.* at 317–18. It appears that petitioner argues he is entitled to conduct credits under the now-superseded version of § 4019.

On June 12, 2012, the California Supreme Court decided that the now-superseded version of § 4019 does not apply retroactively to prisoners who served time in local custody before January 25, 2010, i.e., the date the on which the now-superseded version of § 4019 became effective. *People v. Brown*, 54 Cal.4th 314, 318 (2012). The California Supreme Court held that the now-superseded version of § 4019 applies prospectively to qualified prisoners in local custody on the statute's operative date. *Id*. Because it does not appear that petitioner was in local custody on the statute's operative date, as petitioner was sentenced on April 24, 2006, he is not entitled to credits pursuant to the now-superseded version of § 4019. If this is in fact petitioner's argument, it is based on an alleged violation of state law and would not set forth a federal habeas claim. The petition is dismissed, but petitioner will be provided an opportunity to amend.

## CONCLUSION

1. Leave to proceed in forma pauperis (Docket No. 5) is **GRANTED**.

2. Petitioner's motion to amend the state court judgment (Docket No. 2) is **DENIED**.

3. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed no later than **February 4, 2013**. The amendment must be on the court's form for section 2254 habeas petitions, include the caption and civil case number used in this order, and carry the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

4. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 4, 2013

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Thoreson4782.dwlta.wpd

3